Nathaniel L. Dilger (SBN 196203)
ndilger@onellp.com
Jenny S. Kim (SBN 282562)
jkim@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff,
Targus International LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| TARGUS INTERNATIONAL LLC, a Delaware limited liability company, | Case No. 8:19-cv-00932 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| EFORCITY CORPORATION, a California corporation, and DOES 1-10, | |
| Defendants. | |

**COMPLAINT**

## COMPLAINT

Plaintiff Targus International LLC ("Targus" or "Plaintiff") hereby complains and alleges against Defendant eForCity Corporation ("eForCity" or "Defendant") as follows:

## PARTIES

1. Plaintiff Targus is a Delaware limited liability company with its principal offices located at 1211 N. Miller Street, Anaheim, California 92806.

2. Targus is informed and believes that Defendant eForCity is a California corporation with a regular and established place of business at 12336 Lower Azusa Road, Arcadia, CA 91006.

3. Targus is informed and believes that Defendant eForCity is a manufacturer and distributor of various technology accessories and products, which are offered under certain brand names/product lines, including (according to Defendant eForCity's website) a line of "gaming accessories, power banks, travel adapters, magnifying glasses, etc." sold under the brand name "Insten."

4. Does 1 through 10, inclusive, are unknown to Targus, who therefore sues said Defendants by such fictitious names. Targus will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that plaintiff's damages as alleged herein were proximately caused by such Defendants.

## NATURE OF THE ACTION

5. This is an action for patent infringement arising under the patent laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

6. Targus is informed and believes that Defendant has infringed and continues to infringe, contribute to the infringement of, and/or actively induce others to infringe Plaintiff's U.S. Patent Nos. 8,746,449 (the "'449 patent"); 8,783,458 (the

"'458 patent"); 9,170,611 (the "'611 patent"), and 10,139,861 (the "'861 patent") (collectively, the "patents-in-suit").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8. This Court has personal jurisdiction over Defendant because, Targus is informed and believes that Defendant does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in this State; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this State and judicial District through at least in-person sales efforts; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

10. For more than three decades, the Targus group of companies has been recognized worldwide as an innovative creator and distributor of quality mobile computing bags, cases, and accessories. Targus has developed and introduced a highly successful line of cases and accessories for use with the popular mobile computing devices offered by Apple, Inc. under the iPad® brand.

11. Targus has sought protection for its technological innovations, which has resulted in the issuance of the patents-in-suit.

12. The '449 patent issued on June 10, 2014 and is titled "Portable Electronic Device Case Accessories and Related Systems and Methods." Targus is the owner by assignment of the '449 patent.

///

13. The '458 patent issued on July 22, 2014 and is titled "Portable Electronic Device Case Accessories and Related Systems and Methods." Targus is the owner by assignment of the '458 patent.

14. The '611 patent issued on October 27, 2015 and is titled "Portable Electronic Device Case Accessories and Related Systems and Methods." Targus is the owner by assignment of the '611 patent.

15. The '861 patent issued on November 27, 2018 and is titled "Portable Electronic Device Case Accessories and Related Systems and Methods." Targus is the owner by assignment of the '861 patent.

16. As set forth in Paragraph 3 above, and incorporated herein by reference, Defendant eForCity is the manufacturer and distributor of the Insten product line. Defendant eForCity's website lists various product lines under "Our Brands" on its "About Me" page, including Insten.

17. According to the website at www.insten.com, "[s]ince early 2014, Insten has been designing and delivering top-of-the-line accessories for the hottest electronic devices," and offers, *inter alia*, tablet cases compatible with Apple iPad Mini, LeapFrog LeapPad, and Samsung Galaxy Tab products.

18. Among the Insten products are the product lines described and marketed as the "Insten 360 Swivel Stand Leather Case Compatible with Apple iPad Mini 1/2/3." Each of these products includes a rotating case that enables optimal screen position, landscape or portrait, and comes in several specific models. The "Insten 360 Swivel Stand Leather Case Compatible with Apple iPad Mini 1/2/3" products are merely exemplary of the products that Targus accuses of infringing the patents-in-suit, which may include additional products practicing the rotational technology that is described and claimed in the Targus asserted patents (the "Accused Products").

/ / /

/ / /

# FIRST CLAIM FOR RELIEF

**(Infringement of the '449 Patent against eForCity – 35 U.S.C. §§ 271 *et seq*.)**

19. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

20. Targus is informed and believes that Defendant has had actual knowledge of the '449 patent. Targus is informed and believes that Defendant acquired various of Targus commercial embodiments of the '449 patent, and because these commercial embodiments are marked by Targus in accordance with the requirements of 35 U.S.C. § 287, Defendant thus had not only constructive knowledge of the '449 patent, but also actual knowledge of that patent. In addition, on or about January 3, 2018, Targus communicated directly with the Defendant about Targus's intellectual property rights in the rotational technology embodied in Defendant's Accused Products and cautioned Defendant against further infringement of those rights.

21. Despite having full knowledge of the '449 patent, Defendant has directly infringed and continues to directly infringe one or more claims of the '449 patent by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally, the Accused Products. For example, as shown in the following chart, the Accused Products infringe at least claim 10 of the '449 patent:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| U.S. Pat. No. 8,746,449: Claim 10 | Insten Exemplary Accused Products |
|---|---|
| A case for a portable electronic device, the portable electronic device including a back side and a display side, comprising: |  the portable electronic device including a back side and a display side — a case for a portable electronic device — a support member pivotally coupled to the base panel and configured to support the portable electronic device in an elevated position |
| a base panel configured to sit on a working surface; | |
| a support member pivotally coupled to the base panel and configured to support the portable electronic device in an elevated position; | |
| a rotational mechanism coupled to the support member; and | a base panel configured to sit on a working surface — a rotational mechanism coupled to the support member |
| a holder comprising, a back side coupled to the rotational mechanism, and a front side configured to receive the portable electronic device and secure the portable electronic device with the display side exposed, |  a holder comprising, a back side coupled to the rotational mechanism, and a front side configured to receive the portable electronic device and secure the portable electronic device with the display side exposed |
| wherein the rotational mechanism is configured to allow the holder to rotate between landscape and portrait positions relative to the base panel, and | wherein the rotational mechanism is configured to allow the holder to rotate between landscape and portrait positions relative to the base panel — wherein the support member is configured to pivot the holder from the elevated position wherein the display side is accessible to a stowage position wherein the front side of the holder faces the base panel and the display side is covered by the base panel and the support member extends along an exterior of the case. |
| wherein the support member is configured to pivot the holder from the elevated position wherein the display side is accessible to a stowage position wherein the front side of the holder faces the base panel and the display side is covered by the base panel and the support member extends along an exterior of the case. |  |

22. Defendant has contributed to the infringement of and continues to contributorily infringe one or more claims of the '449 patent by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally the Accused Products. In particular, Defendant developed, made, used, offered to sell, sold and/or imported the Accused Products with full knowledge of the '449 patent and its applicability to the Accused Products. In addition, the Accused Products are non-staple articles of commerce that have no substantial use other than in a manner that infringes the '449 patent.

23. Targus is informed and believes that Defendant has induced infringement of and continues to induce infringement one or more claims of the '449 patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Products. Among other things, Defendant has – with full knowledge of the '449 patent and its applicability to its products – specifically designed the Accused Products in a manner that infringes the '449 patent and has also specifically instructed purchasers of these products – via instructional packaging and/or online instructional materials – to configure and/or use the Accused Products in a manner that infringes one or more claims of the '449 patent.

24. Defendant's actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of one or more claims of the '449 patent in violation of 35 U.S.C. § 271.

25. Plaintiff has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

26. Plaintiff is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

27. Defendant's infringement of Targus's rights under the '449 patent will continue to damage Plaintiff's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

28.     In addition, Defendant has infringed the '449 patent – directly, contributorily, and by inducement – with full knowledge of the '449 patent and despite having full knowledge that its actions constituted infringement of that patent. For at least this reason, Defendant has willfully infringed the '449 patent, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### SECOND CLAIM FOR RELIEF

**(Infringement of the '458 Patent against eForCity – 35 U.S.C. §§ 271 *et seq*.)**

29.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

30.     Targus is informed and believes that Defendant has had actual knowledge of the '458 patent. Targus is informed and believes that Defendant acquired various of Targus commercial embodiments of the '458 patent, and because these commercial embodiments are marked by Targus in accordance with the requirements of 35 U.S.C. § 287, Defendant thus had not only constructive knowledge of the '458 patent, but also actual knowledge of that patent. In addition, on or about January 3, 2018, Targus communicated directly with the Defendant about Targus's intellectual property rights in the rotational technology embodied in Defendant's Accused Products and cautioned Defendant against further infringement of those rights.

31.     Despite having full knowledge of the '458 patent, Defendant has directly infringed and continues to directly infringe one or more claims of the '458 patent by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally, the Accused Products. For example, as shown in the following chart, the Accused Products infringe at least claim 1 of the '458 patent:

/ / /

/ / /

| U.S. Pat. No. 8,783,458: Claim 1 | Insten Exemplary Accused Products |
|---|---|
| A case for a portable electronic device, the portable electronic device including a back side and a display side, the case comprising: | a portable electronic device / case for a portable electronic device, the portable electronic device including a back side and a display side |
| a base panel configured to sit on a working surface; | a base panel configured to sit on a working surface |
| a support member pivotally coupled to the base panel and configured to support the portable electronic device in an elevated position; | a support member pivotally coupled to the base panel and configured to support the portable electronic device in an elevated position |
| a rotational mechanism coupled to the support member; and | a rotational mechanism coupled to the support member |
| a holder comprising, | a holder comprising, a back surface coupled to the rotational mechanism, a front surface configured to receive the portable electronic device and secure the portable electronic device with the display side exposed, a first side extending from the front surface, and a second side extending from the front surface |
| a back surface coupled to the rotational mechanism, | |
| a front surface configured to receive the portable electronic device and secure the portable electronic device with the display side exposed, | |
| a first side extending from the front surface, and | |
| a second side extending from the front surface, | |
| wherein the support member is configured to pivot the holder to the elevated position wherein the display side is accessible and the rotational mechanism is configured to allow the holder to rotate to a first position wherein the first side rests on the base panel and to rotate to a second position wherein the second side rests on the base panel, and | wherein the support member is configured to pivot the holder to the elevated position wherein the display side is accessible / and the rotational mechanism is configured to allow the holder to rotate to a first position wherein the first side rests on the base panel and to rotate to a second position wherein the second side rests on the base panel / wherein the support member is configured to pivot the holder to a stowage position wherein the display side is covered by the base panel |

| | |
|---|---|
| wherein the support member is configured to pivot the holder to a stowage position wherein the display side is covered by the base panel. | |

32. Defendant has contributed to the infringement of and continues to contributorily infringe one or more claims of the '458 patent by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally the Accused Products. In particular, Defendant developed, made, used, offered to sell, sold and/or imported, the Accused Products with full knowledge of the '458 patent and its applicability to the Accused Products. In addition, the Accused Products are non-staple articles of commerce that have no substantial use other than in a manner that infringes the '458 patent.

33. Targus is informed and believes that Defendant has induced infringement of and continues to induce infringement one or more claims of the '458 patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Products. Among other things, Defendant has – with full knowledge of the '458 patent and its applicability to its products – specifically designed the Accused Products in a manner that infringes the '458 patent and has also specifically instructed purchasers of these products – via instructional packaging and/or online instructional materials – to configure and/or use the Accused Products in a manner that infringes one or more claims of the '458 patent.

34. Defendant's actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of one or more claims of the '458 patent in violation of 35 U.S.C. § 271.

35. Plaintiff has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

36. Plaintiff is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

37. Defendant's infringement of Targus's rights under the '458 patent will continue to damage Plaintiff's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

38. In addition, Defendant has infringed the '458 patent – directly, contributorily, and by inducement – with full knowledge of the '458 patent and despite having full knowledge that its actions constituted infringement of that patent. For at least this reason, Defendant has willfully infringed the '458 patent, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF

**(Infringement of the '611 Patent against eForCity – 35 U.S.C. §§ 271 *et seq.*)**

39. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

40. Targus is informed and believes that Defendant has had actual knowledge of the '611 patent. Targus is informed and believes that Defendant acquired various of Targus commercial embodiments of the '611 patent, and because these commercial embodiments are marked by Targus in accordance with the requirements of 35 U.S.C. § 287, Defendant thus had not only constructive knowledge of the '611 patent, but also actual knowledge of that patent. In addition, on or about January 3, 2018, Targus communicated directly with the Defendant about Targus's intellectual property rights in the rotational technology embodied in Defendant's Accused Products and cautioned Defendant against further infringement of those rights.

41. Despite having full knowledge of the '611 patent, Defendant has directly infringed and continues to directly infringe one or more claims of the '611 patent by developing, making, using, offering to sell, selling and/or importing, in

this District, elsewhere in the United States, and internationally, the Accused Products. For example, as shown in the following chart, the Accused Products infringe at least claim 1 of the '611 patent:

| U.S. Pat. No. 9,170,611: Claim 1 | Insten Exemplary Accused Products |
|---|---|
| A case for a portable electronic device, the portable electronic device including a back side and a display side, the case comprising: | A case for a portable electronic device, the portable electronic device including a back side and a display side, the case comprising: |
| a base panel configured to sit on a working surface, the base panel comprising an interior surface and an exterior surface; | a base panel configured to sit on a working surface, the base panel comprising an interior surface and an exterior surface; |
| a support member pivotally coupled to the base panel and configured to support the portable electronic device in an elevated position; | a support member pivotally coupled to the base panel and configured to support the portable electronic device in an elevated position; |
| a rotational mechanism coupled to the support member; and | a rotational mechanism coupled to the support member; and |
| a holder comprising, a back side coupled to the rotational mechanism, and a front side configured to receive the portable electronic device and secure the portable electronic device with the display side exposed, | a holder comprising, a back side coupled to the rotational mechanism, and a front side configured to receive the portable electronic device and secure the portable electronic device with the display side exposed, |
| wherein the rotational mechanism is configured to allow the holder to rotate between landscape and portrait positions relative to the base panel, and | wherein the rotational mechanism is configured to allow the holder to rotate between landscape and portrait positions relative to the base panel, and |
| wherein the support member is configured to pivot the holder from the elevated position wherein the holder rests on the interior surface on the base | wherein the support member is configured to pivot the holder from the elevated position wherein the holder rests on the interior surface on the base panel and the display side is accessible to a stowage position wherein the display side is covered by the interior surface of the base panel. |

| | |
|---|---|
| panel and the display side is accessible to a stowage position wherein the display side is covered by the interior surface of the base panel. | |

42. Defendant has contributed to the infringement of and continues to contributorily infringe one or more claims of the '611 patent by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally the Accused Products. In particular, Defendant developed, made, used, offered to sell, sold and/or imported, the Accused Products with full knowledge of the '611 patent and its applicability to the Accused Products. In addition, the Accused Products are non-staple articles of commerce that have no substantial use other than in a manner that infringes the '611 patent.

43. Targus is informed and believes that Defendant has induced infringement of and continues to induce infringement one or more claims of the '611 patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Products. Among other things, Defendant has – with full knowledge of the '611 patent and its applicability to its products – specifically designed the Accused Products in a manner that infringes the '611 patent and has also specifically instructed purchasers of these products – via instructional packaging and/or online instructional materials – to configure and/or use the Accused Products in a manner that infringes one or more claims of the '611 patent.

44. Defendant's actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of one or more claims of the '611 patent in violation of 35 U.S.C. § 271.

45. Plaintiff has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

/ / /

46. Plaintiff is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

47. Defendant's infringement of Targus's rights under the '611 patent will continue to damage Plaintiff's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

48. In addition, Defendant has infringed the '611 patent – directly, contributorily, and by inducement – with full knowledge of the '611 patent and despite having full knowledge that its actions constituted infringement of that patent. For at least this reason, Defendant has willfully infringed the '611 patent, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## FOURTH CLAIM FOR RELIEF

**(Infringement of the '861 Patent against eForCity – 35 U.S.C. §§ 271 *et seq*.)**

49. Plaintiff realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

50. Targus is informed and believes that Defendant has had actual knowledge of the '861 patent. Targus is informed and believes that Defendant acquired various of Targus commercial embodiments of the '861 patent, and because these commercial embodiments are marked by Targus in accordance with the requirements of 35 U.S.C. § 287, Defendant thus had not only constructive knowledge of the '861 patent, but also actual knowledge of that patent. In addition, on or about January 3, 2018, Targus communicated directly with the Defendant about Targus's intellectual property rights in the rotational technology embodied in Defendant's Accused Products and cautioned Defendant against further infringement of those rights.

51. Despite having full knowledge of the '861 patent, Defendant has directly infringed and continues to directly infringe one or more claims of the '861 patent by developing, making, using, offering to sell, selling and/or importing, in

this District, elsewhere in the United States, and internationally, the Accused Products. For example, as shown in the following chart, the Accused Products infringe at least claim 1 of the '861 patent:

| U.S. Pat. No. 10,139,861: Claim 1 | Insten Exemplary Accused Products |
|---|---|
| A case for a computer tablet, the computer tablet comprising a back side and a display side, the case comprising: | A case for a computer tablet, the computer tablet comprising a back side and a display side, the case comprising: |
| a base panel configured to sit on a work surface; | a holder to receive and support the computer tablet with the display side accessible; and |
| a support member pivotally coupled to the base panel and extending from the pivotal coupling; and | a base panel configured to sit on a work surface; |
| a holder to receive and support the computer tablet with the display side accessible; and | a support member pivotally coupled to the base panel and extending from the pivotal coupling; and |
| a rotatable connector coupled to the support member and the holder to enable rotational movement of the holder between portrait and landscape orientations, | a rotatable connector coupled to the support member and the holder to enable rotational movement of the holder between portrait and landscape orientations, |
| wherein the base panel and support member are configured to pivot to a closed orientation wherein the holder faces the base panel and the display side is covered by the base panel and the support member extends along an exterior of the case and such that the base panel and the support member are substantially parallel to one another and retain at least a majority of the computer tablet, and | wherein the base panel and support member are configured to pivot to a closed orientation wherein the holder faces the base panel and the display side is covered by the base panel and the support member extends along an exterior of the case and such that the base panel and the support member are substantially parallel to one another and retain at least a majority of the computer tablet, and |
| wherein the base panel and support member are further configured to pivot to an open orientation to support | |

| the holder and the computer tablet in an elevated position and such that the holder rests on the base panel. |  | wherein the base panel and support member are further configured to pivot to an open orientation to support the holder and the computer tablet in an elevated position and such that the holder rests on the base panel. |

52. Defendant has contributed to the infringement of and continues to contributorily infringe one or more claims of the '861 patent by developing, making, using, offering to sell, selling and/or importing, in this District, elsewhere in the United States, and internationally the Accused Products. In particular, Defendant developed, made, used, offered to sell, sold and/or imported, the Accused Products with full knowledge of the '861 patent and its applicability to the Accused Products. In addition, the Accused Products are non-staple articles of commerce that have no substantial use other than in a manner that infringes the '861 patent.

53. Targus is informed and believes that Defendant has induced infringement of and continues to induce infringement one or more claims of the '861 patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Products. Among other things, Defendant has – with full knowledge of the '861 patent and its applicability to its products – specifically designed the Accused Products in a manner that infringes the '861 patent and has also specifically instructed purchasers of these products – via instructional packaging and/or online instructional materials – to configure and/or use the Accused Products in a manner that infringes one or more claims of the '861 patent.

54. Defendant's actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of one or more claims of the '861 patent in violation of 35 U.S.C. § 271.

55. Plaintiff has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

56. Plaintiff is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

57. Defendant's infringement of Targus's rights under the '861 patent will continue to damage Plaintiff's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

58. In addition, Defendant has infringed the '861 patent – directly, contributorily, and by inducement – with full knowledge of the '861 patent and despite having full knowledge that its actions constituted infringement of that patent. For at least this reason, Defendant has willfully infringed the '861 patent, entitling Plaintiff to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment in their favor and against Defendant eForCity corporation and grant the following relief:

A. An adjudication that Defendant has willfully infringed and continues to infringe the patents-in-suit.

B. Orders of this Court temporarily, preliminarily, and permanently enjoining Defendant, its agents, servants, and any and all parties acting in concert with them, from directly or indirectly infringing in any manner any of the claims of patents-in-suit pursuant to at least 35 U.S.C. § 283;

C. An award of damages adequate to compensate Plaintiff for Defendant's infringement of the patents-in-suit in an amount to be proven at trial;

D. A finding that this is an exceptional case and an award of Plaintiff's costs and attorney fees;

E. A trebling of the damage award to Plaintiff;

/ / /

F.  An assessment and award of pre- and post-judgment interest on all damages awarded; and

G.  Any further relief that this Court deems just and proper.

Dated: May 16, 2019　　　　　　　　**ONE LLP**

By: /s/ Nathaniel L. Dilger
　　Nathaniel L. Dilger
　　Jenny S. Kim

Attorneys for Plaintiff,
Targus International LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: May 16, 2019            **ONE LLP**

By: /s/ Nathaniel L. Dilger
      Nathaniel L. Dilger
      Jenny S. Kim

      Attorneys for Plaintiff,
      Targus International LLC